FILED
FEB - 9 2005
T.S. McGREGOR, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: | No. 04-03639-PCW11 |
| BDR CORPORATION, a Washington corporation, | MEMORANDUM DECISION RE: DELLEN WOOD'S MOTION TO ASSUME LEASE (Docket No. 197) |
| Debtor(s). | |

THIS MATTER came on for hearing before the Honorable Patricia C. Williams on January 6, 2005 upon Dellen Wood Products, Inc.'s Motion to Reject and Assume Executory Contracts and Unexpired Lease. The Court reviewed the files and records herein, together with the supplemental materials filed by counsel, heard argument of counsel, and was fully advised in the premises. The Court now enters its Memorandum Decision.

BDR Corporation (hereinafter "BDR") owns several parcels of real estate and leased a portion of that real estate to its affiliate Dellen Wood Products, Inc. (hereinafter "Dellen Wood"). This lease will be referred to as the "Master Lease." Dellen Wood in turn entered into a Sublease with Pristina Pine, LLC (hereinafter "Pristina") whereby Pristina occupied most, but not all of the premises Dellen Wood leased from BDR.

11 U.S.C. § 365(a) provides that a debtor-in-possession may assume an executory contract such as a lease as long as the debtor-in-possession provides adequate assurance of future performance. If the

MEMORANDUM DECISION RE: . . . - 1

debtor-in-possession is a landlord under a lease, the debtor-in-possession has until confirmation of its plan to assume or reject the lease unless the court establishes an earlier deadline. BDR, as landlord under an unexpired Master Lease, has until plan confirmation to assume or reject the Master Lease. Dellen Wood, as landlord under an unexpired Sublease, has until plan confirmation to assume or reject the Sublease.

This controversy involves both the Master Lease and the Sublease and the current and future rights of the parties under those agreements. As there are two contractual relationships which must be analyzed in the context of two Chapter 11 proceedings and as there were numerous requests for relief made regarding those contracts, the complicated procedural history must be described.

**PROCEDURAL HISTORY RE: MASTER LEASE**

BDR, as the landlord on various leases relating to its real property, filed on May 5, 2004 a motion to assume those leases (Docket No. 11). No order has ever been entered as a result of that motion, however, the Master Lease with Dellen Wood, as lessee, was not included in that motion. BDR has never filed any motion relating to the Master Lease. FRBP 6006(a) does not, however, require a motion to assume when assumption is to occur through confirmation of a plan.

BDR's proposed Plan of Reorganization (Docket No. 222) filed December 30, 2004 states that BDR "shall continue to own, operate and lease all real estate" but does not refer to any specific lease. The proposed plan does not identify existing leases or state whether existing leases are to be assumed or rejected. However, BDR has until

MEMORANDUM DECISION RE: . . . - 2

plan confirmation to elect to assume or reject leases under which it is the lessor and that deadline has not yet passed.

Dellen Wood, as the lessee under the Master Lease, on May 5, 2004 filed a motion in its Chapter 11 proceeding to assume the Master Lease (Docket No. 12) and notice of the motion (Docket No. 13). An amended notice of the motion was filed on May 7, 2004 (Docket No. 26). Both the original notice and the amended notice of the motion were served on the master mailing list in Dellen Wood on May 7, 2004 (Docket No. 29). The amended notice states that the lessee wishes to assume the Master Lease and any party may object and may request a hearing "at any time prior to confirmation of plan of reorganization." It then refers to FRBP 9014(e), and requires filing and service "on or before 23 days." The notice is ambiguous as to when any objection is due. That motion, however, is not currently before the Court.

On November 16, 2004, Dellen Wood filed in the BDR Chapter 11 proceeding a motion seeking approval of the "Debtor in Possession's assumption" of the Master Lease (Docket No. 197). The motion is a request by Dellen Wood, the lessee, for entry of an order requiring BDR, the landlord, to assume the Master Lease prior to plan confirmation. That motion also refers to the Sublease between Dellen Wood and Pristina and seeks rejection of certain provisions of the Sublease. On December 9, 2004 (Docket No. 210), Pristina objected to the motion as it related to the Sublease but made no reference to the assumption by BDR of the Master Lease. Also, on December 9, 2004 (Docket No. 211), Bank of America, the lienholder on the BDR real estate, filed an objection to the Dellen Wood motion filed in the BDR proceeding. The objection

MEMORANDUM DECISION RE: . . . - 3

related only to the request that BDR assume the Master Lease and was based on the argument that since Dellen Wood, as lessee, had not assumed the lease within sixty (60) days of commencing its bankruptcy proceeding, the Master Lease had been deemed rejected pursuant to § 365(d)(4). As Dellen Wood had rejected the Master Lease in its bankruptcy proceeding, there was nothing for BDR to assume in its bankruptcy proceeding.

Simultaneously with the motion filed by it in the BDR proceeding, Dellen Wood filed in its Chapter 11 proceeding a motion to assume the Master Lease (Docket No. 214). On December 9, 2004, in the Dellen Wood proceeding, Bank of America filed an objection to the motion (Docket No. 228). The basis for the objection was the same, i.e., that the Master Lease had been deemed rejected pursuant to § 365(d)(4).

### **PROCEDURAL HISTORY RE SUBLEASE**

The only motion in the BDR proceeding which relates to the Sublease is the motion filed by Dellen Wood on November 16, 2004 described above. In the Dellen Wood Chapter 11 proceeding, on June 23, 2004 (Docket No. 72), Dellen Wood, as landlord under the Sublease, filed a motion and notice requesting that the Court establish a date by which it would be required to either assume or reject the Sublease. Pristina objected to the request on the basis that the motion failed to specify a deadline for the assumption or rejection. A hearing was scheduled on August 27, 2004 at which time Dellen Wood indicated it did not wish to argue the motion and an order was entered denying the motion.

On October 12, 2004 (Docket No. 177), Dellen Wood filed a motion seeking to reject the Sublease including the provisions relating to the

MEMORANDUM DECISION RE: . . . - 4

first right of refusal and option to purchase, but sought to assume the provision requiring Pristina to provide wood waste to the landlord Dellen Wood. Pristina filed an objection on November 1, 2004 (Docket No. 190) on the basis that the Sublease could not be rejected in part and assumed in part and because the assumption was not in the best interest of the bankruptcy estate. At the hearing on November 15, 2004, the court indicated that Dellen Wood should give notice to the master mailing list in the BDR proceeding of Dellen Wood's intent to assume the Sublease as that assumption could be of interest to the creditors of BDR. Apparently, this precipitated the motion filed by Dellen Wood in the BDR proceeding on November 16, 2004 (Docket No. 197) regarding both the Master Lease and the Sublease.

Also, on November 16, 2004, in its Chapter 11 proceeding, Dellen Wood filed the motion (Docket No. 214) to approve its assumption, as lessee, of the Master Lease with BDR described above.

## MATTERS AT ISSUE

This procedural history resulted in a consolidated hearing occurring on January 6, 2005 on the following motions:

(1) Dellen Wood's October 12, 2004 motion (Docket No. 177) in its Chapter 11 proceeding seeking to reject the Sublease with Pristina;

(2) Dellen Wood's motion filed November 16, 2004 (Docket No. 197) in the BDR Chapter 11 proceeding seeking BDR's assumption of the Master Lease under which BDR is a landlord and seeking Dellen Wood's rejection of the Sublease with Pristina under which Dellen Wood is the landlord; and

(3) Dellen Wood's November 16, 2004 motion (Docket No. 214) in its

MEMORANDUM DECISION RE: . . . - 5

Chapter 11 proceeding seeking approval of its assumption of the Master Lease under which it is the lessee.

### DISCUSSION RE: MASTER LEASE

On January 1, 1996, BDR's predecessor-in-interest executed the Master Lease with Dellen Wood. That Master Lease contained a two year term with the right to renew for one year increments with written notice of renewal required sixty (60) days prior to expiration. The Master Lease provided that in the event of a "hold over" by the tenant with permission of the landlord, a month-to-month tenancy would result. The Declaration of Michael Roozekrans (Docket No. 252) states that the lease was not renewed and that a month-to-month tenancy exists. The Sublease dated December 28, 2001 between Dellen Wood, as landlord, and Pristina, as tenant, states that the Master Lease has expired but has been extended on a month-to-month basis.

11 U.S.C. § 365(a) allows a debtor-in-possession to assume any unexpired lease. Although the various motions to assume characterized the Master Lease as "unexpired," it clearly has expired and did so some years prior to the bankruptcy filing. The continued occupancy by Dellen Wood has been on a month-to-month basis and not pursuant to any lease. There is no Master Lease in existence which can be assumed.

Since no unexpired Master Lease exists, the Court need not address the issue relating to the timeliness of the November 16, 2004 request by Dellen Wood to assume the Master Lease. Nor does the adequacy of the notice of the motion filed May 5, 2004 by Dellen Wood need be addressed.

### DISCUSSION RE: SUBLEASE

Pursuant to the preamble to the Sublease, it is apparent that at

MEMORANDUM DECISION RE: . . . - 6

the time of executing the Sublease, both Dellen Wood and Pristina were aware that Dellen Wood only had the right to occupy the premises on a month-to-month basis, it is questionable whether Dellen Wood had the ability to promise Pristina that it could occupy the premises for a two year period. It is also questionable whether Pristina could rely upon that promise. However, Dellen Wood did make that promise and gave Pristina the right to renew the Sublease for an additional five years by giving written notice of election six months before the end of the term. Apparently that option was exercised. For purposes of this decision, it will be assumed that the Sublease is enforceable.

Dellen Wood's request in the motion filed October 12, 2004 (Docket No. 177) is to reject the Sublease (the right of first refusal and the option to purchase), but to assume the wood waste agreement as set forth in the Sublease. That wood waste provision has been the subject of prior hearings and oral decisions. It essentially requires Pristina to provide wood waste from its operations on the premises to Dellen Wood at no charge.

As to the request to reject the right of first refusal and option to purchase the premises, Dellen Wood is not the owner of the real estate and could not perform those provisions of the Sublease. BDR, the owner of the premises, in a separate paragraph at the end of the Sublease, consented to the execution and terms of the Sublease and specifically agreed to be bound by the provisions regarding the right of first refusal and option to purchase. That agreement of BDR may or may not be executory in nature but no request has been made that BDR either assume or reject those commitments.

MEMORANDUM DECISION RE: . . . - 7

Regarding Dellen Wood's request to assume the provision of the Sublease relating to wood waste, an executory contract must be assumed or rejected in its entirety. A debtor cannot pick and choose which provisions of the contract should remain in force. *In re David Orgell, Inc.*, 117 B.R. 574 (Bankr. C.D. Cal. 1990). Dellen Wood may not reject all other provisions of the Sublease but assume the provision requiring Pristina to provide wood waste.

Pristina argues that the Sublease should be assumed in its entirety, as without the monthly rental paid by Pristina and the wood waste, Dellen Wood cannot successfully reorganize. The standard to be applied in determining whether a debtor's request to reject should be granted is whether the debtor is exercising its business judgment. *In re Chi-Feng Huang*, 23 B.R. 798 (9th Cir. 1982). If the rejection would benefit the unsecured creditors or other creditors in the estate, the request should be granted. Pristina argues that rejection would be poor business judgment as without the Sublease, Dellen Wood cannot successfully reorganize.

The terms of the Sublease, particularly with regard to the wood waste provision, have been the subject of litigation and dispute during and before this bankruptcy proceeding. Pre-petition, a preliminary injunction was entered by the state court prohibiting Dellen Wood from accessing the wood waste and at prior hearings evidence has been introduced that it had not had access for some months. It is not known if currently Dellen Wood has access to wood waste from Pristina at no charge, but there were several months during which it did not. As it continues to operate, it cannot be concluded that access to the wood

MEMORANDUM DECISION RE: . . . - 8

waste alone would prevent a successful reorganization.

Most importantly, if the Sublease were assumed by Dellen Wood it would then be obligated to provide the premises to Pristina for a number of years. Yet Dellen Wood has no right to those premises other than on a month-to-month basis. Due to the expiration of the Master Lease, Dellen Wood only has the right to the premises as a hold over tenant. R.C.W. 59.04.020 allows for the termination of a month-to-month tenancy on thirty (30) days notice. Should BDR issue such a notice, Dellen Wood would be incapable of meeting its obligations under the Sublease. Exposing Dellen Wood to such a risk is not in the best interest of the estate. Even though BDR is owned and controlled by the same individual as Dellen Wood, each bankruptcy estate must operate independently and in the best interests of that corporate debtor and the estate. Dual control does not alleviate the risk that BDR in its own best interest could terminate the right to possession by Dellen Wood thus rendering its performance under the Sublease impossible and subjecting the debtor's estate to breach of contract claims.

## CONCLUSION

1. Dellen Wood's motion (Docket No. 197) requesting BDR to assume the Master Lease is **DENIED** as the Master Lease expired by its terms prior to commencement of either bankruptcy proceeding.

2. A separate order to this effect will be entered.

DONE IN OPEN COURT this 9th day of February, 2005.

PATRICIA C. WILLIAMS
Bankruptcy Judge

MEMORANDUM DECISION RE: . . . - 9